IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO LEIJA-BALDERAS (TDCJ No. 1922722), | § § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:20-cv-645-L-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Osvaldo Leija-Balderas, a Texas prisoner, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. His action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the Section 2254 application, Petitioner challenges his Dallas County conviction for aggravated sexual assault of a child younger than fourteen years, for which he received a sentence of 22 years of imprisonment. *See State v. Leija-Balderas*, No. F13-32837-W (363d Jud. Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 3 at 2. This criminal judgment was affirmed as modified on direct appeal in 2015. *See Leija-*

*Balderas v. State*, No. 05-14-00648-CR, 2015 WL 1454948 (Tex. App. – Dallas Mar. 27, 2015, pet. ref'd); Dkt. No. 3 at 3. And the Texas Court of Criminal Appeals (the "CCA") refused a petition for discretionary review ("PDR") later the same year. *See Leija-Balderas v. State*, PD-0428-15 (Tex. Crim. App. Aug. 26, 2015); Dkt. No. 3 at 3.

Years later, Petitioner sought state habeas relief. *See Ex parte Leija-Balderas*, No. W13-32837-W(A) (363d Jud. Dist. Ct., Dallas Cnty., Tex.) (application signed Feb. 27, 2018). And, in 2019, the CCA denied this (Petitoner's first) state application without written order on the trial court's findings without a hearing. *See Ex parte Leija-Balderas*, WR-89,747-01 (Tex. Crim. App. Aug. 21, 2019).

After reviewing the Section 2254 application, the Court recognized that this action is likely time-barred and issued a questionnaire [Dkt. No. 7] to provide Petitioner fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. The Court docketed his response on April 10, 2020. *See* Dkt. No. 8.

**Legal Standards**

I.  Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th

Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756 (emphasis in original).[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

II. Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Petitioner did not file a petition for certiorari review, his state criminal judgment became final under the AEDPA on November 24, 2015 – 90 days

after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

And, "[b]ecause his state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than March 20, 2020, the date on which Petitioner certifies that he placed it in the prison mailing system,[3] *see* Dkt. No. 3 at 10 – was filed more than 3 years and 3 months too late.

The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence. And, in his verified response to the limitations questionnaire, Petitioner raises several grounds in support of equitable tolling. *See* Dkt. No. 8.

He first argues that the delay should be excused because his attorneys in the state system "are at fault for not providing petitioner ... proper translation of

---

[3] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

documentation, translation in Spanish." Dkt. No. 8 at 4; *see also id.* at 5 ("The question for this Court to recognize is why did the state court fail to provide interpretation and translation of the proceedings at the appeal stage, since the trial court afforded the petitioner his appeal and appointed an attorney to file it?").

But a prisoner's lack of English proficiency itself does not constitute an extraordinary circumstance that could establish equitable tolling. *See Perez v. Davis*, No. 4:17-cv-882-Y, 2018 WL 4304890, at *3 (N.D. Tex. Sept. 10, 2018) ("[T]he inability to speak or read the English language is a disability common to a lot of prisoners in the prison system and is not in itself a sufficient basis for equitable tolling." (collecting cases)); *United States v. Gilbert-Alvarez*, Cr. No. C-01-45 & C.A. No. C-06-336, 2006 WL 3761888, at *7 (S.D. Tex. Dec. 21, 2006) ("Even if the Court accepted [the movant's] allegations concerning the alleged lack of Spanish language assistance in the library in their entirety as true, he would not be entitled to equitable tolling. Equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate." (collecting cases)); *Rodriguez v. Cain*, Civ. A. No. 06-815, 2007 WL 4522497, at *10 (E.D. La. Dec. 17, 2007) ("[U]nder the relevant precedent, an inability or significant difficulty speaking, reading and writing, or understanding English does not, by itself, justify equitable tolling in habeas cases, where such lack of proficiency has not prevented the petitioner from accessing the courts." (collecting cases)); *cf. Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's pro se status, indigence and lack of knowledge of the law, all common

problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))).

And, to the extent that Petitioner also asserts, as a basis for equitable tolling, that his court-appointed state counsel were constitutionally ineffective, *see generally* Dkt. No. 8, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified," *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). While "complete attorney abandonment can qualify as an extraordinary circumstance for equitable tolling purposes," *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. 266, 281-82 (2012)), Petitioner fails to establish abandonment.

Most importantly – as to all the reasons Petitioner asserts as grounds for equitable tolling, particularly because more than 2 years and 6 months elapsed between when the conviction becoming final and when Petitioner initiated state habeas proceedings – Petitioner fails to connect the proffered "exceptional circumstances" to some timeline, to show the Court how any alleged barrier prevented the timely filing of this action. *Cf. Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011) (in examining whether an allegedly inadequate law library was a state-imposed impediment under Section 2244(d)(1)(B), holding that "to prevail, [a petitioner] must allege more than that the library was inadequate," and noting that there the petitioner "only alleges that the library at the transfer facility was inadequate. He

does not at any point allege facts as to why the transfer facility's lack of legal materials prevented him from filing a timely habeas application. He does not, for example, allege that he had no knowledge of AEDPA's statute of limitations before he was transferred to the Huntsville facility which he claims had an adequate library.").

Thus, Petitioner also has not shown reasonable diligence and thereby established equitable tolling. *See Jackson*, 933 F.3d at 411 ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." (citation omitted)).

This action should therefore be dismissed with prejudice as time-barred.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 16, 2020

                                                _____
                                                DAVID L. HORAN
                                                UNITED STATES MAGISTRATE JUDGE