IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OSVALDO LEIJA-BALDERAS (TDCJ No. 1922722),** | § § § § § | |
| Petitioner, | § | |
| v. | § § | Civil Action No. **3:20-CV-645-L** |
| **LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division,** | § § § § § | |
| Respondent. | § | |

## ORDER

On April 16, 2020, United States Magistrate Judge David Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc.10), recommending that the court dismiss this action as time-barred under Rule 4 of the Rules Governing Section 2254 cases. Specifically, he determined that pro se Petitioner Osvaldo Leija-Balderas's ("Petitioner") Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 3) should be denied, as: (1) he filed his Petition more than 3 years and 3 months after the one-year statute of limitations for filing a habeas petition had expired; and (2) Petitioner failed to assert sufficient grounds to demonstrate that equitable tolling applies.[1] For these reasons, Magistrate Judge Horan determined that Petitioner's Petition is untimely and recommends that the court deny the Petition as time-barred and dismiss with prejudice this action. No objections to the Report were filed.

---

[1] As Magistrate Judge Horan notes, "[a] showing of 'actual innocence' can also overcome the [Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA")] staute of limitations." Report 4 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2103)). While Petitioner contends that he was wrongfully convicted due to alleged violations of his due process rights (*see docs.* 3, 4, & 8), he did not raise a claim of actual innocence in his Petition. Thus, the court need not address whether this basis would overcome the required one-year limitations period for filing a federal habeas petition.

Order – Page 1

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** as time-barred Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 3), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 30th day of May, 2020.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**